IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY THOMAS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-0666** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **SCI CAMP HILL, Administrators,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows. Plaintiff, Anthony Thomas, formerly an inmate at the State Correctional Institution in Camp Hill ("SCI-Camp Hill"), Pennsylvania,[1] commenced this action with a *pro se* civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff claims that while housed at SCI-Camp Hill, he was denied access to adequate legal materials and requested prisoner grievance forms, and that he was housed in an unsatisfactory cell block (F-Block). For relief he

> want[s] other prisoners to be able to have access to the court and if they came to Camp Hill Prison on F-Block they should have law library everyday if they came from another state prison for court or a parole hearings [sic]. It's not right for T.T. to be place [sic] on F-Block for nothing. Once they are done with court or they [sic] parole hearings. And they should give inmates grievances when they ask for them. I want to help myself with this

---

1. Plaintiff is currently an inmate at the State Correctional Institution-Retreat in Hunlock Creek, Pennsylvania.

>>problems [sic] and other inmates also.  So, I'm seeking help with this because that's not right what they did to me.

(Doc. 1 ¶ V.)   Plaintiff appears to be seeking injunctive relief, directing the "SCI-Camp Hill Administrators" to improve access to legal materials, provide prisoner grievance forms when requested by inmates, and to preclude Plaintiff's subsequent housing on F-Block.  Plaintiff is no longer an inmate at SCI-Camp Hill, and he is currently housed at the State Correctional Institution-Retreat ("SCI-Retreat") in Hunlock Creek, Pennsylvania.  (*See* Doc. 8.)

It is well recognized that the adjudicatory power of a federal court depends upon the *continuing* existence of a live and acute controversy through all stages of litigation.  *U.S. v. Sczubelek*, 402 F.3d 175, 178 (3d Cir. 2005).  The rule in federal cases is that an actual controversy must be extant at all stages of review, including appellate review.  *Id.*  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects."  *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985).  Where events occur that eliminate the Plaintiff's personal stake in the outcome, or prevent the court from granting the requested relief, the case should be dismissed as moot.  *Sczubelek*, 402 F.3d at 178.

"An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.  *Abdul-Akbar [v. Watson]*, 4 F.3d [195,] 197 (former

inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial)." *Sutton v. Rashid*, 323 F.3d 236, 248 (3d Cir. 2003). The record does not indicate that Plaintiff has been confined at SCI-Camp Hill at any time during the pendency of this case, and there is no reason to expect that he will be returned to that correctional facility in the foreseeable future.  He is currently incarcerated at SCI-Retreat, thus precluding the current possibility of placement in F-Block, or further exposure to inadequate access to legal research materials or requested prisoner grievance slips.  Consequently, since Plaintiff is not suffering any of the challenged action by the administrators of SCI-Camp Hill, his requests for injunctive relief are moot under the standards set forth in *Sczubelek, Rosenberg* and *Sutton*, and the case will be dismissed.

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff's complaint (Doc. 1) is **DISMISSED** as moot.

2) The Clerk of Court is directed to close this case.

3) Any appeal from this order shall be deemed frivolous, without good cause, and not taken in good faith.

                                                                    s/Sylvia H. Rambo
                                                                    SYLVIA H. RAMBO
                                                                    United States District Judge

Dated:  June 6, 2005.